UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA PAULA GAZZARA, HARRY JAMES WHITMAN and MARCIA FAYE WHITMAN,

    Plaintiffs,

v.    Case No:   6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

    Defendant.

## ORDER

This case comes before the Court on Plaintiffs' Motion to Compel Production of Documents from Pulte Home Corporation (Doc. 65), and Plaintiffs' Motion to Compel Answers to Interrogatories and the Production of Documents from Pulte Home Corporation (Doc. 66). Defendant has filed a single memorandum in opposition to both motions (Doc. 72).

Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated Florida homeowners who own homes constructed by Defendant between May 1, 2006 and April 15, 2016 with a drainage plane exterior stucco wall system over wood frame and wood sheathing ("stucco siding") (Doc. 11). Plaintiffs allege that Defendant constructed the stucco siding in violation of the Florida Building Code and now, it has failed (Id.). Plaintiffs' complaint includes counts for negligence, violation of the Florida Building Code, and the intentional construction of defective stucco siding (Id.). Defendant has filed a motion to dismiss (Doc. 17) which is currently under consideration.

Plaintiff's complaint was filed on April 18, 2016 and amended on April 28 (Docs. 1,

9). On April 29 Plaintiffs filed a motion for leave to initiate class action discovery (Doc. 10). They attached to their motion, copies of requests for production and interrogatories (Id., at 29-48). The motion was not fully briefed until June 2 (Doc. 30). On June 6, the parties held their FED. R. CIV. P. 26(f) conference and that same day, Plaintiffs re-served their requests to produce and interrogatories on Defendant (Doc. 65, ¶ 2). Because the parties had conferred pursuant to Rule 26(f) and were free to commence discovery, the Court denied as moot the motion to initiate class action discovery (Doc. 35).

By local rule, a party bringing a class action has 90 days from the filing of the initial complaint within to file a motion under FED. R. CIV. P. 23(c)(1) to determine whether the case should be maintained as a class action. M.D. FLA. Rule 404(b). The 90 day deadline may be extended "for cause shown." Id. Absent an extension of the deadline, Plaintiffs' class certification motion was due by July 18, 2016[1] (Doc. 33, ¶ 3).

On June 7 Plaintiffs filed a motion to shorten to June 16 the time for Defendant to respond to their discovery requests (Doc. 33). The Court set a preliminary pretrial and status conference for June 20 in part, to hear argument on the motion to shorten time (Doc. 40). At the hearing Plaintiffs' counsel said he didn't need "massive discovery," and that seven categories of information were required for Plaintiffs to file their motion for class certification (Doc. 51 at 5-10). During the hearing the following exchange took place between the Court and Plaintiffs' counsel:

> Court: Do you want the discovery request [sic] answered, or do you want the specific information that you outlined this morning?

---

[1] On June 21, the Court entered Case Management and Scheduling Order Phase I which established a September 2, 2016 deadline for class related discovery and a September 20, 2016 deadline for motions for class certification (Doc. 49 at 1). On August 23, Plaintiffs filed a motion to extend both of these deadlines into 2017 (Doc. 78). That motion is not yet fully briefed.

>Counsel: The specific information --
>
>Thank you, Judge. The specific information I outlined this morning is a narrowing of the discovery. The stuff I just rattled off we've asked for in discovery. But to be very specific, yes, sir, that would help us, that's what we need. We need those specific items.

(Id., at 12). The Court asked Plaintiffs to file a paper listing the precise information they actually needed (id., at 27), which they did that afternoon (Doc. 48 at 1-2). Plaintiffs' list consists of the following items of information:

>1. Names and addresses of all buyers of Pulte homes in Florida from January 1, 2006, through April 15, 2016, containing STUCCO SIDING.
>
>2. Documents reflecting dates of actual possession or close of escrow of the buyers in number 1, which may be expressed in summary fashion on spreadsheets.
>
>3. Names and locations of all communities within the Class Definition.
>
>4. All reports, e-mails, correspondence, recommendations, communications, and analyses provided to the Defendant's Board of Directors (including agendas and meeting minutes) or senior management concerning defective STUCCO SIDING of homes constructed by the Defendant in Florida from January 1, 2006, through March 31, 2016.
>
>5. All data submitted to the Defendant's auditors and actuaries utilized in setting the reserves and IBNR's[2] reflected in the Defendant's annual financial reports and Securities Exchange Commission filings from January 1, 2006, through March 31, 2016, including historical claims experience, relating to defective STUCCO SIDING in homes constructed by the Defendant in Florida.
>
>6. All Florida statutory Chapter 558 notices received by the Defendant from January 1, 2006, through April 15, 2016, alleging defective STUCCO SIDING in homes in Florida.

---

[2] The Court understands the term "IBNR's" means incurred but not reported claims.

>>7. All agreements resolving the Chapter 558 notices identified in number 6.

(Id.).

Plaintiffs added to the list they announced at the hearing "a request for Defendant's reports tracking Chapter 558 notices concerning STUCCO SIDING for homes built by the Defendant in Florida reflected in numbers 6 and 7." (Id. at 2-3). And in a footnote, Plaintiffs said "[t]his list of documents is intended to identify those that are needed most urgently. The Plaintiffs' expect to need additional discovery in the future, including categories of documents that may be revealed through the documents identified here. Therefore, this list should not be interpreted as a waiver of the Plaintiffs' right to ask for additional documents, and is without prejudice to subsequent requests. (Id., n. 1).

On July 5, 2016, counsel for Plaintiffs informed Defendant that he had not agreed to narrow discovery at the June 20 hearing and that when he answered the Court's question he was explaining what was needed on an expedited basis (Doc. 72 at 34). Plaintiffs' counsel said he still expected responses to his clients' requests to produce and interrogatories (Id.).

Defendant has interposed multiple objections to Plaintiffs' discovery including arguing that much of it was not requested at the June 20 hearing where, Defendant believes, Plaintiffs narrowed their discovery requests (Doc. 65 at 13-22). Because of its broad application, the Court deals with this objection first. The Court's understanding of Plaintiffs' position at the June 20 hearing was that they wanted to file their class certification motion by the July 18 deadline. To accomplish this goal, Plaintiffs had decided to limit their written discovery to the seven categories of information they told the Court they needed. This may not have been what Plaintiffs' counsel intended but it is

what the Court heard and understood. The Court's understanding is consistent with its request for a list of the categories of information Plaintiffs said they needed. It also consistent with footnote one to Plaintiffs' list where they state that they expect to need additional discovery in the future and are reserving the right to ask for additional documents in subsequent requests. Applying the Court's understanding of what transpired at the June 20 hearing, Defendant's objection that Plaintiffs withdrew all of their discovery requests with the exception of the seven categories set out above is **SUSTAINED**. Next, the Court addresses in order the categories of information Plaintiffs seek.

For the homes with stucco siding which Defendant sold in Florida from January 1, 2006 through April 15, 2016 it has provided the locations by county, city and street, the names of the communities, and the original close of escrow dates (Doc. 72 at 10-11). Defendant objects to disclosure of the names and addresses of the purchasers (Id.). Plaintiffs argue that without this information they are unable to investigate the defects in the homes Defendant built, or contact the purchasers concerning problems they have had with their stucco siding, repairs they have made, and other discoverable information (Doc. 65 at 10). Plaintiffs argue that this information is directly relevant on the issue of numerosity and necessary to conduct discovery related to the issues of commonality and typicality of defects in homes built by Defendant (Id., at 11). Plaintiffs also argue that this information is not confidential (Id.).

The names and addresses of class members are ordinarily not discoverable at the precertification stage and even in those circumstances where the contact information for some class members might be discoverable "it may be doubted whether any of these purposes would require compilation of the names and addresses of *all* members of a

large class." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354, n. 20, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (emphasis in original). "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification state out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI) (MDG), 2006 WL 1455464 at *1 (E.D.N.Y. May 23, 2006) (collecting cases).[3] Plaintiffs have failed to show why this case should be the exception to the general rule.

Plaintiffs' argue that the names and addresses of the more than 17,000 buyers Defendant sold homes with stucco siding to during the relevant time period are necessary to prove numerosity. This claim lacks merit. Defendant has stipulated that the numerosity requirement is satisfied (Doc. 72 at 16).

The contact information is not necessary to prove commonality. As a prerequisite to class certification, Rule 23(a)(2)'s requires that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a). Ordinarily, establishing commonality "'is a relatively light burden' that 'does not require that all the questions of law and fact raised by the dispute be common … or that the common questions of law or fact predominate over individual issues.'" Nelson v. Mead Johnson Nutrition Co., 270 F.R.D. 689, 693 (S.D. Fla. 2010) (quoting Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 (11th. Cir. 2009). "Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009) (internal citations and quotations omitted).

---

[3] Some courts have made an exception in Fair Labor Standards Act and Age Discrimination Act cases. See Dziennik, 2006 WL 1455464 at *2.

Plaintiffs already have several expert witnesses "telling [them] that Pulte does the same handful of things wrong all the time. That's why they have the problems that they have." (Doc. 51 at 7). Thus, it appears that Plaintiffs' experts are already prepared to address the issue of commonality.

The contact information is also not necessary to establish typicality. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "Clearly, the threshold for typicality is low and Rule 23(a)(3) criterion serves one simple purpose: to assure that the named representatives' interests are aligned with those of the class." Singer v. AT & T Corp., 185 F.R.D. 681, 689 (S.D. Fla. 1998) (internal citations omitted). Typicality is satisfied where the claims "of the class and class representatives arise from the same event or pattern or practice and are based on the same legal theory." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984). The typicality inquiry "primarily directs the … court to focus on whether named representatives' claims have the same essential characteristics as the claims of the class ..." Singer, 185 F.R.D. at 689 (citing De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). Plaintiffs do not require the identity of the other home buyers to prove typicality. Moreover, their retained experts have already formed opinions concerning the "essential characteristics [of] the claims of the class." Id.

To the extent Plaintiffs actually need the contact information for other home buyers, the Court understands their counsel already represent a number of owners in the Lake Sawyer community (Doc. 72 at 13). And, Defendant has produced more than 100 Florida Chapter 558 notices which contain homeowner's names and addresses (Id., at 11).

For these reasons, Defendant's objection to disclosure of the names and addresses of everyone it sold a home with stucco siding to in Florida from January 1, 2006 through April 15, 2016 that contains stucco siding is **SUSTAINED**.

Defendant represents that it has produced a spreadsheet which contains the names and locations of all communities within the class definition and the original close of escrow dates (Doc. 72 at 10). Because this information satisfies categories 2 and 3 of the documents on Plaintiffs' list, this part of the motions to compel is **DENIED as moot**.

Next, Plaintiffs seek all of the written information provided to Defendant's Board of Directors and senior management, along with agendas and meeting minutes, which concern defective stucco siding on homes constructed in Florida from January 1, 2006, through March 31, 2016. Plaintiffs say this information is needed to establish commonality and the typicality of the putative class members' damages (Doc. 65 at 14). By way of example, they explain that reports made in 2012 concerning defective stucco siding installed in 2008 could demonstrate how typical and common the problems are (Id.). Plaintiffs also seek all of the information submitted to Defendant's auditors and actuaries for use in establishing the reserves and IBNR's reflected in Defendant's annual financial reports and Securities Exchange Commission filings from January 1, 2006, through March 31, 2016 relating to defective stucco siding on Florida homes constructed by Defendant.

Defendant represents that it has produced "aggregate reserve information related to Plaintiffs' theory of corporate knowledge." (Doc. 72 at 16). According to Defendant, this information includes "aggregates of information submitted to [its] actuaries utilized in setting reserves and IBNRs reflected in [its] annual financial reports and Securities Exchange Commission filings from May 1, 2006 through March 31, 2011)." (Id.).

- 8 -

Defendant has also agreed to produce "its Director Risk Management to testify to the produced information, as well as [Defendant's] aggregate reserve funds for products completed operations from May 1, 2006 to March 30, 2011." (Id.). Defendant otherwise objects to production of the requested information on the grounds that it is not relevant to class certification, vague, argumentative, overly broad, unduly burdensome, and protected from discovery by the attorney-client, work product, and accountant-client privileges (Id., at 16-26). These objections are of the general, conclusory, boilerplate variety. Defendant has failed to explain by argument, affidavits or other supporting documentation why these objections are appropriate. Accordingly, all of Defendant's objections to categories four and five on Plaintiffs' list with the exception of privilege are **OVERRULED**. Asphalt Paving Systems, Inc. v. General Combustion Corp., No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016).

Protecting the confidentiality of attorney-client communications "is an interest traditionally deemed worthy of maximum legal protection." State Farm Fla. Ins. Co. v. Puig, 62 So.3d 23, 27 (Fla. 3d DCA, 2011). The Court feels the same way with respect to the work product and accountant-client privileges. Given the importance of these privileges a finding of waver would be too drastic. Instead, the Court will give Defendant through September 6, 2016 to properly assert its claims of privilege.

Plaintiffs have requested copies of all Florida Chapter 558 notices received by Defendant from January 1, 2006, through April 15, 2016 which allege defective stucco siding on homes built in Florida. They have also asked for copies of all agreements between Defendant and homeowners resolving the Chapter 558 notices, and all of Defendant's tracking reports for those notices. Defendant represents that it has produced all of the notices, a list identifying the open or closed status of the notices, and copies of

- 9 -

all non-confidential settlement agreements (Doc. 72 at 26). Defendant also represents that it has provided a FED. R. CIV. P. 30(b)(6) witness to testify to this production and its handling of Chapter 558 notices (Id.). The Court understands Plaintiffs are not satisfied with the witness who was produced but that issue is not currently before it. The Court also understands that Defendant has not produced copies of settlement agreements which contain confidentiality provisions. Plaintiffs' ability to discovery these agreements will have to be dealt with by separate motion once Plaintiffs have more information. In the meantime, based on Defendant's representation of the information it has produced, the Court finds that Defendant has complied with these discovery requests and therefore, this part of the motions to compel is **DENIED as moot**.

To the extent the Court has not already ruled on the issues raised in Plaintiffs' motions to compel, the motions are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record