UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA PAULA GAZZARA, HARRY JAMES WHITMAN and MARCIA FAYE WHITMAN,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　Case No:   6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

    Defendant.

## ORDER

Pending before the Court are Defendant Pulte Home Corporation's Omnibus Motion to Quash and/or Modify Subpoenas and/or Motion for Entry of a Protective Order Related to Subpoenas Directed to Non-Parties (Doc. 75), and Pulte Home Corporation's Motion to Quash Subpoena Directed to Non-Party Madsen, Kneppers and Associates, Inc., and/or Motion for Entry of a Protective Order (Doc. 76). Plaintiffs have filed a response in opposition to both motions (Doc. 92).

Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated Florida homeowners who own homes constructed by Defendant between May 1, 2006 and April 15, 2016 with a drainage plane exterior stucco wall system over wood frame and wood sheathing ("stucco siding") (Doc. 11). Plaintiffs allege that Defendant constructed the stucco siding in violation of the Florida Building Code and now, it has failed (Id.). Plaintiffs' complaint includes counts for negligence, violation of the Florida Building Code, and the intentional construction of defective stucco siding (Id.).

Defendant has received notices pursuant to Chapter 558 Florida Statutes from the owners of some of the Florida homes it constructed using stucco siding (Doc. 75, ¶ 1). In response to those notices, Defendant engaged law firms to represent its interests (Id., ¶ 2). The law firms retained experts in anticipation of litigation (Id., ¶¶ 3-6). Specifically, Calvert Construction & Development, Inc. ("Calvert"), Williams Building Diagnostics, LLC ("Williams"), Hoy & Miller Consulting, LLC ("Hoy"), and Madsen, Kneppers and Associates, Inc. ("Madsen") were retained as consulting, non-testifying experts (Id.; Doc. 76, ¶ 2). Defendant has now decided to use Williams as a testifying expert in this case (Id., ¶ 5). Plaintiffs served subpoenas (which the Court has not seen), on these experts for the production of documents related to Defendant's construction of homes in the state of Florida (Id., ¶ 7). Defendant objects to the subpoenas and asks that they be quashed, or that protective orders be entered, based upon the work product privilege[1] and under FED. R. CIV. P. 26(b)(4) (Docs. 75, 76).

The information Plaintiffs seek is unquestionably relevant to this dispute, and Defendant has standing to bring these motions. "A party has standing to move to quash a subpoena that is not directed to the party, but instead directed to a non-party, if the party alleges a 'personal right or privilege' with respect to the subpoenas." Centennial Bank v. Servisfirst Bank, Inc., No. 8:16-cv-88-T-36JSS, 2016 WL 4163560, at *3 (M.D. Fla. Aug. 5, 2016).

---

[1] There are two types of work product, opinion and fact. "Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'" Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422) (11th Cir. 1994) (quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)). "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947). "[O]pinion work product enjoys a nearly absolute immunity can be discovered only in very rare and extraordinary circumstances." Murphy, 560 F.2d at 336. Fact work product is information gathered in anticipation of litigation. Bridgewater v. Carnival Corp., No. 10-CIV-22241, 286 F.R.D. 636, 639 (S.D. Fla. 2011). Here, the Court deals with fact work product.

The Supreme Court recognized the work product privilege in Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). Today, it is codified in FED. R. CIV. P. 26(b) which provides "[o]rdinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A). "Ordinarily, a party may not, by interrogatories, or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D). Exceptions are made as provided in FED. R. CIV. P. 35(b) for physical and mental examinations, and "on showing exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(D)(i) and (ii).

Application of the work product privilege is governed by federal law, even in cases like this one, which rely on the Court's diversity jurisdiction. Stern v. O'Quinn, No. 07-60534-CIV-DIMITROULEAS/ROSENBAUM, 253 F.R.D. 663, 675 (S.D. Fla. 2008). The party asserting the work product privilege carries the burden of showing its applicability to the circumstances before the court. Id., at 674-75. The proponent's burden is to show "'that the documents were prepared for the purpose of assisting an attorney in preparing for litigation, not some other reason.'" In re Veiga, Nos. 10-370(CKK) (DAR), and 10-371(CKK) (DAR), 77 F.Supp.2d 27, (D.D.C. 2010) (quoting Alexander v. Fed. Bureau of Investigation, 192 F.R.D. 42, 46 (D.D.C. 2000)). Defendant has made a prima facie showing that the work product privilege applies, and with the exception of their waiver argument, Plaintiffs have not attempted to controvert that showing.

Defendant's experts performed destructive testing on the stucco siding of some of the homes it built (Doc. 92, ¶ 3). The purpose of Plaintiffs' subpoenas is "to obtain documents relating only to the objective, factual results of such tests, including but not limited to, items such as moisture readings, photographs, and objective tests performed on the stucco or its components." (Id.). According to Plaintiffs, their "subpoenas [do] not seek documents relating to the opinions or impressions of the experts or any communication regarding such opinions or impressions between the experts and [Defendant's] counsel." (Id.). Plaintiffs argue that the information is discoverable because it is purely factual, and because exceptional circumstances exist to justify the discovery (Doc. 92 at 3-5). While Plaintiffs claim these are two separate grounds, they are really only one, that is exceptional circumstances under Rule 26(b)(4)(D)(ii).

Plaintiffs cite U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., No. 04-0280 (RWR/AK), 288 F.R.D. 222 (D.D.C. 2012). There, the court found that under the exceptional circumstances exception, plaintiff could discover from defendant's consulting expert, information concerning the storage and care of bulletproof vests tested by defendant's testifying expert "because it is 'impracticablle for the [Plaintiff] to obtain [these] facts … on the same subject by other means.'" Westrick, 288 F.R.D. at 230 (quoting Rule 26(b)(4)(D)(ii).

The other case relied on by Plaintiffs is In re Veiga, Nos. 10-370(CKK) (DAR), and 10-371(CKK) (DAR), 77 F.Supp.2d 27, (D.D.C. 2010). In Veiga, a subpoena was served on an attorney representing the plaintiffs in a matter pending in the Republic of Ecuador. The same attorney also represented the Republic of Ecuador in multiple international arbitrations. The attorney asserted privilege under Ecuadorian law, and the attorney-client and work product privileges under United States federal law. In allowing the discovery of

certain information, the court said it "fail[ed] to see how Applicants could obtain the substantial equivalent of such evidence through other avenues, particularly given the Interested Parties' positions in this action." Id., at 45-46.

Plaintiffs argue that the exception to the work product privilege based on exceptional circumstances applies because the information they seek was obtained by destructive testing thus leaving them only two choices. They can either get the information from Defendant's experts, or retain their own experts to conduct substantially similar tests on the same homes. Plaintiffs argue:

> For reasons of practicality, and in fairness to the home owners, it would be a more equitable and reasonable decision for this Court to recognize that this factual scenario fits under either or both of the work product exceptions in Rule 26(b). The facts clearly show that the material sought is factual. Additionally, it is impractical and would create an undue hardship for the Plaintiffs to obtain the same information by other means.

(Doc. 92 at 4).

Plaintiffs' argument falls well short of demonstrating the exceptional circumstances required to discover Defendant's work product. It may be quicker and cheaper for Plaintiffs to get the information from Defendant's experts but that is not the standard. The information Plaintiffs seek is readily obtainable by having their own experts perform the same tests on the same homes that were tested by Defendant's experts. Accordingly, the Court rejects Plaintiffs' argument based upon exceptional circumstances.

Next, Plaintiffs argue that Defendant has waived the work product privilege by producing to them, voluminous documents prepared by Calvert, Hoy and Williams (Id., ¶ 1). Like other privileges, the work product privilege may be waived by voluntarily disclosing information under circumstances that are inconsistent with the maintenance of

- 5 -

the privilege. Veiga, 746 F.Supp.2d at 35. "Work-product protection is waived when protected materials are disclosed in a way that 'substantially increases the opportunity for potential adversaries to obtain the information.'" Stern, 253 F.R.D. at 681 (quoting Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp., 125 F.R.D. 578, 587 (N.D.N.Y. 1989)). To the extent Defendant voluntarily produced work product privileged information to Plaintiffs the Court finds that a waiver has occurred. However, because the parties have not informed the Court of what information was actually produced by Defendant, it is unable to determine the scope of the waiver.

Defendant objects to the subpoena served on Williams to the extent it seeks information that is beyond the scope of the expert disclosures required by FED. R. CIV. P. 26(a)(2)(B). The only specific item to which objection is made are draft reports (Doc. 75, ¶ 9). Plaintiffs have not addressed this argument in their response to the motions. Rule 26(b)(4)(4) protects from disclosure, "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Except to the extent of any waiver of privilege, the Court will grant Defendant's motion to quash the subpoena directed to Williams on this ground.

Now, for the foregoing reasons:

(1) The motions are **GRANTED** in part, and the subpoenas directed to Calvert, Hoy and Madsen are **QUASHED** to the extent they seek information that has not been voluntarily produced to Plaintiffs by Defendant.

(2) The motion to quash the subpoena directed to Williams is **GRANTED in part**. To the extent that the subpoena seeks the production of drafts of the information described in Rule 26(b)(2)(B), and the draft information has not already been voluntarily provided, the subpoena is **QUASHED**.

(3) If the parties are unable to resolve the scope of the waiver as to Calvert, Hoy, Williams or Madsen, they should file motions addressed to those issues.

(4) In all other respects, the motions are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record