# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHAUN PARKER GAZZARA, ANA PAULA GAZZARA, HARRY JAMES WHITMAN and MARCIA FAYE WHITMAN,**

    **Plaintiffs,**

**v.**                **Case No:   6:16-cv-657-Orl-31TBS**

**PULTE HOME CORPORATION,**

    **Defendant.**

_____

## ORDER

This matter comes before the Court after a hearing on the Motion to Dismiss and Motion to Stay (Doc. 17) filed by the Defendant, Pulte Home Corporation ("Pulte"), the response in opposition (Doc. 25) field by the Plaintiffs, and the reply (Doc. 50) filed by Pulte.   The Court has also considered supplemental authority (Doc. 77, 80) filed by both parties.

## I.  Background

According to the allegations of the Amended Complaint (Doc. 11), which are accepted in pertinent part as true for purposes of resolving the instant motion, the Plaintiffs in this putative class action are married couples who bought houses in Orange County, Florida that had been constructed by Pulte.   The Gazzaras' home was built in 2007; the Whitmans' in 2011.   (Doc. 11 at 1-2).   The Amended Complaint is silent as to whether the Plaintiffs bought directly from Pulte. The Plaintiffs contend that their homes' stucco siding was defectively installed and that Pulte violated the Florida Building Code in doing so.   (Doc. 11 at 3-4).   The Plaintiffs seek to represent a class comprised of

> All individuals, corporations, associations, trusts or other entities that currently own homes constructed by Pulte in Florida between May 1, 2006 and April 15, 2016 with a Drainage Plane Exterior Stucco Wall System over Wood Frame and Wood Sheathing ("STUCCO SIDING") which Pulte wrongfully constructed in violation of the Florida Building Code ("Code") resulting in the STUCCO SIDING failing.

(Doc. 11 at 2-3).

The Plaintiffs assert three claims against Pulte: negligence (Count I); violations of the Florida Building Code (Count II); and intentional construction of defective stucco siding (Count III).   By way of the instant motion, Pulte seeks dismissal of all three claims.   In the alternative, Pulte seeks to have this matter stayed until the Plaintiffs comply with the pre-suit notice requirements of Fla. Stat. § 558.003.

## II.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The Court must also limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).   Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'"   *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

A.    <u>Count I – Negligence</u>

In the first count of the Amended Complaint, the Plaintiffs assert that Pulte had a duty to construct homes with Code-compliant stucco siding, that the company owed this duty to "foreseeable owners" of those homes, that Pulte "negligently built homes that were not [C]ode-compliant" and had "defective" stucco siding, and that, as a result, the Plaintiffs "have been damaged."   (Doc. 11 at 7).   To prevail on a negligence claim under Florida law, a plaintiff ordinarily has to prove the four elements: duty of care, breach of that duty, causation and damages. *R.J. Reynolds Tobacco Co. v. Brown*, 70 So. 3d 707, 717 (Fla. 4th DCA 2011) (citing *Gibbs v.*

*Hernandez,* 810 So.2d 1034, 1036 (Fla. 4th DCA 2002)).   The allegations from the Plaintiffs

mimic this pattern, asserting the existence of a duty, a breach, causation, and resulting damages.

However, as the Defendant points out, these allegations are entirely conclusory.   There is

no explanation as to the way or ways in which Pulte failed to comply with the Code.   The

Plaintiffs do not even identify the Code provisions that Pulte allegedly violated.   Similarly, the

Amended Complaint entirely lacks any details as to the way in which the stucco siding is defective

or the harm suffered by the Plaintiffs.

The Plaintiffs cite cases that, they contend, establish that merely alleging a "defect,"

without more, is sufficient to state a claim; however, those cases provide significantly more detail

than was provided in the instant case.   For example, the Plaintiffs cite *Krywokulski v. Ethicon,*

*Inc.*, No. 8:09-CV-980-T-30MAP, 2010 WL 326166, at *3 (M.D. Fla. Jan. 21, 2010), a products

liability case in which the court stated that "Plaintiff's allegation of a defect alone is sufficient, as

mere knowledge of a defect gives defendant enough notice to produce a proper response which

may include discussion of a manufacturing or design based defect.").   Despite the quoted

language, the plaintiff in *Krywokulski* had not merely alleged that the product at issue – a hernia

patch – had a "defect."   Rather, he alleged that the patch used in the surgical repair of his hernia

"delaminated and/or malfunctioned," causing in an infection and forcing him to undergo a second

surgery four months after the original surgery.   *Id.* at *2.   This is a far cry from merely alleging

that the product at issue was "defective" and "caused damages".

More problematic for the Plaintiffs is the fact that Florida law does not recognize a

common law duty on the part of builders to construct homes in compliance with the Code.   More

generally, Florida's economic loss rule bars tort claims by owners of defective products who

suffer solely economic losses, which is the harm that the Plaintiffs are actually complaining about

in this case.   *See, e.g., Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.,* 620 So. 2d 1244 (Fla. 1993) (refusing to create exception to economic loss rule for homeowners) *and Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399 (Fla. 2013) (reaffirming application of economic loss rule in products liability cases).   Even if they were able to add factual allegations regarding the defectiveness of the stucco siding, the Plaintiffs' claims would still be barred by the economic loss rule.   Count I will therefore be dismissed with prejudice.

   B. <u>Count II – Violations of Florida Building Code</u>

   While Florida law does not recognize a common law duty to follow the Code, the Florida Legislature has provided a statutory cause of action against builders who fail to do so.   Florida Statute § 553.84 provides homeowners a private cause of action against a homebuilder if they have been damaged as a result of a Code violation.   In Count II, the Plaintiffs allege that Pulte "installed stucco siding which violated the Code, causing the stucco siding to fail, thus Pulte violated Section 553.84."

   As was the case in regard to Count I, the Plaintiffs' allegations are entirely conclusory, mimicking the language of the applicable cause of action but offering no explanation as to how the stucco siding violated the Code or how it failed.   Without asserting at least some facts to support their allegations, the Plaintiffs have failed to state a claim.   Count II will be dismissed without prejudice.

   C. <u>Count III – Intentional Construction of Defective Stucco Siding</u>

   In Count III, the Plaintiffs attempt to assert a claim for an intentional tort arising from Pulte knowingly "building homes with stucco siding that was not in compliance with the Code". (Doc. 11 at 14).   Pulte contends that Count III must be dismissed with prejudice, as Florida does

not recognize such a cause of action. The Plaintiffs respond with a general discussion of intentional torts but with no citations to any Florida case or statute permitting a plaintiff to proceed under such a theory.

The Plaintiffs contend that a Florida court of appeals recognized a cause of action for an intentional tort of defective construction in *P.V. Const. Corp. v. Atlas Pools of the Palm Beaches, Inc.*, 510 So. 2d 318 (Fla. 4th DCA 2007). However, the Plaintiffs have misread that case. *P.V. Const. Corp.* involved an allegation by the plaintiff, Atlas Pools of the Palm Beaches, Inc. ("Atlas"), that P.V. Const. Corp. ("P.V.") had breached a contract by failing to pay for the pool built by Atlas. *Id.* at 319. P.V. counterclaimed, "alleging negligent construction and damages to P.V.'s property." *Id.* After learning that the damage to P.V.'s property had been intentionally caused by Atlas's president and chief operating officer, Sidney Kovner ("Kovner"), P.V. attempted to amend its counterclaim to add Kovner as a defendant. *Id.* The trial court refused to grant leave to amend and held that Atlas was not liable for an intentional tort committed by Kovner. *Id.* The appellate court reversed, stating that the amendment should have been allowed and that the evidence showed Atlas was not immune from liability for any intentional tort committed by its president and chief operating officer. *Id.*

Thus, while *P.V. Const. Corp.* did involve allegations of (a) defective construction and (b) an intentional tort, those were separate allegations. Contrary to the Plaintiffs' argument, the Fourth District Court of Appeals did not hold that P.V. should have been able to sue for an intentional tort of defective construction. *See also True Title, Inc. v. Blanchard*, No. 6:06-CV-1871-ORL-19D, 2007 WL 430659, at *5 (M.D. Fla. Feb. 5, 2007) (holding that there is no cause of action under Florida law for "intentional tortious conduct"). Count III will be dismissed with prejudice.

D.   <u>Class status and Chapter 558</u>

Pulte also attacks the Plaintiffs' efforts to proceed with this matter as a class action, saying that the Amended Complaint "demonstrates that the requirements for maintaining a class action cannot be met" in this case.   (Doc. 17 at 6).   Upon consideration, given that each of the claims asserted in the Amended Complaint have been dismissed, it would be premature to assess the class action issues at this point.   Accordingly, this portion of Pulte's motion will be denied without prejudice to Pulte's right to challenge class certification at a later date.

E.   <u>Pre-suit Notice</u>

Florida law provides that, in actions brought alleging a construction defect,

> the claimant shall, at least 60 days before filing any action, or at least 120 days before filing an action involving an association representing more than 20 parcels, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable.

Fla. Stat. § 558.004.   In addition, another subsection of Chapter 558 provides that if a claimant fails to provide the requisite notice, "on timely motion by a party to the action the court shall stay the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements."   Fla. Stat. § 558.003.   Pulte included a request for such a stay in the instant motion, arguing that the Plaintiffs failed to provide the required notice.   However, given that all three of the Plaintiffs' claims have been dismissed, this portion of Pulte's motion will also be denied without prejudice to Pulte's right to reassert it upon the Plaintiffs' filing of additional construction defect claims.

**IV.      Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss and Motion to Stay (Doc. 7) is **GRANTED IN PART AND DENIED IN PART** as set forth above.   Count I and Count III are **DISMISSED WITH PREJUDICE.**   Count II is **DISMISSED WITHOUT PREJUDICE**.   If the Plaintiffs wish to file an amended pleading, they must do so on or before September 23, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 8, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party