UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA
PAULA GAZZARA, HARRY JAMES
WHITMAN and MARCIA FAYE
WHITMAN,

      Plaintiffs,

v.                                                          Case No:   6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

      Defendant.

_____

## ORDER

      This case comes before the Court without oral argument on Defendant Pulte Home

Corporation's Motion to Cure Plaintiffs' Breach of the Confidentiality Agreement (Doc.

134), and Plaintiff's response to the motion (Doc. 148).

      The parties entered into a Confidentiality Agreement ("Agreement") in anticipation

of the production by Defendant of documents containing confidential, proprietary and

business information and trade secrets (Doc. 134-2). The Agreement authorizes

Defendant to designate any part of a discovery response confidential by marking the

information with the words "This document is subject to a Confidentiality Agreement and

will be enforced by the Court in *Gazzara*, et al, v. *Pulte Home Corporation*, or as

'Confidential'" (Id., ¶ 1). If Defendant designates a document "Confidential," the

designation must "include a brief description (e.g. 'proprietary business information') as to

why the document is confidential." (Id.).

      Information Defendant designates "Confidential" may only be disclosed to the

named parties, the "immediate employees of a party's counsel, and other individuals

legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, court reporters, judges, magistrates, mediators, experts, and their respective staffs … as necessary for the preparation and/or examination of witnesses at depositions, hearings or trial, or for mediation." (Id., ¶ 3). Recipients must handle "Confidential" information with "reasonable and appropriate care … to ensure that its confidential nature is maintained." (Id., ¶ 5).

Before a person receives "Confidential" information, he/she must sign an acknowledgment letter certifying that he/she will not: (1) disclose the information to anyone to whom disclosure is not authorized by the Agreement; (2) that he/she will not use the information other than for legitimate purposes in the case; and (3) that he/she has read the Agreement and agrees to be bound by its terms (Id., ¶ 6). Information designated "Confidential" may not be reproduced or copied except for people authorized to receive the information pursuant to the Agreement, after execution of an acknowledgement letter (Id., ¶ 8).

Parties desiring to file "Confidential" information must first file a motion for the entry of an order allowing the information to be filed under seal. Parties may not file information designated "Confidential" "under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." (Id., ¶ 14).

Any party may challenge a "Confidential" designation by giving written notice to Defendant's counsel, "detailing the material or portion of material challenged and the specific basis for the challenge." (Id., ¶ 11). If a party challenges Defendant's "Confidential" designation then Defendant has ten days to respond (Id.). "If the parties are unable to reach an agreement regarding the confidentiality of the item, the party opposing continued confidentiality may file a motion seeking a determination from the Court

whether the items are properly designated confidential. The prevailing party shall be awarded attorney's fees and costs incurred with filing or responding to the motion." (Id.).

Defendant has produced a privilege log which includes the email addresses for its senior management (Doc. 134, ¶ 3). Pursuant to the Agreement, Defendant designated the email addresses "Confidential." (Id.). On November 4, 2016, Plaintiffs filed an unredacted copy of the privilege log (Doc. 132). Less than 2 hours later, counsel for Defendant emailed one of the attorneys for Plaintiffs asking that the log be stricken from the record and that a redacted version be filed immediately (Doc. 134-3 at 7). One of the attorneys for Plaintiffs responded as follows:

> Although it may be marked as such, I respectfully disagree that this information is properly designated. Nonetheless, if you disagree, you may file a motion to seal that particular exhibit and state that it is unopposed. In the future, I would suggest that you use a conspicuous watermark (which you can easily apply using Adobe) so that our staffs can readily identify any information you claim is confidential when handling voluminous filings and avoid any misunderstandings in the future. Thanks.

(Id.).

Counsel for Defendant responded:

> In the spirit of cooperation, we included the email addresses in our privilege log so that you could easily identify the individuals involved in the communications. But, to avoid their email addresses from being made public, we marked the document confidential in accordance with the terms of the confidentiality agreement.
>
> Under the terms of the agreement, there is a provision for you to challenge the designation. You may not simply file a confidential document and place the burden on Pulte to have it sealed.
>
> Here, in fact, there is no need for either party to file a motion to seal. The Court does not need the email addresses to adjudicate your motion to compel. The question, accordingly, is not whether the privilege log should have been filed under

seal, but whether it should have been redacted to remove the email addresses before filing. Under the confidentiality agreement, it should have.

The filing is in violation of the confidentiality agreement. Please redact and correct the filing in accordance with your obligations.

Thank you,

(Id., at 6).

In response, Plaintiff's attorney wrote:

I am sure that you understand that I don't control the docket, the judge does, so you should file something with him instead of sending emails to me. It's a long log so it's easiest to seal it rather than redact it, which is a tedious task prone to error in any event. I am not sure I follow (1) why the email addresses, ████████████████████, are confidential, or (2) why, if they are not necessary to adjudicate the motion, you put them in the log, the whole point of which is to give only enough information to adjudicate a privilege dispute. In any event, I have agreed to your relief, but I am not your associate and we disagree with the mechanics anyway, so file whatever you deem appropriate and notice it as unopposed to the extent it is consistent with the foregoing.

(Id., at 5).

Defendant's counsel replied:

I just got off the phone with Judge Presnell's clerk. Due to it being Friday afternoon, even if we filed an emergency motion today, I'm told your filing will not be corrected until sometime next week.

If you do not make the necessary filing to remedy your breach of the Confidentiality Agreement by 10:00am on Monday, November 7th, we will prepare a motion to effect redaction of the confidential information. If you force us to do so, we will also move for sanctions seeking, without limitation, reimbursement of our attorneys' fees associated with me having to call the court, me and Stephanie conferring with you to reconsider your position, and the cost to prepare the necessary motion to redact Exhibit 7.

I suggest you reconsider your position.

(<u>Id.</u>, at 4).

Plaintiffs' attorney responded: "You could have done this today." (<u>Id.</u>, at 3). Minutes later he continued: "Why didn't you just ask the JA to pull it off? They have done it for me before without a motion. This is ridiculous." (<u>Id.</u>). These messages elicited the following reply: "Plaintiffs' Counsel–We know your position and you know ours. Please do not send any more insulting e-mails on this." (<u>Id.</u>, at 2). Finally, counsel for Plaintiffs wrote:

> I neither understand nor agree with your email but I'm not going to take the time or energy to refute each assertion because I don't think it would be productive and worthwhile. Suffice it to say that if I haven't addressed something specifically, I neither understand nor agree with it. I reserve all rights.
>
> Have a good weekend and remember to vote!

(<u>Id.</u>).

Now, Defendant seeks an order enforcing the Agreement, striking and removing its privilege logs from the docket, replacing the stricken privilege logs with a redacted version, and an award of Defendant's attorney's fees and costs incurred in the prosecution of this motion (Doc. 134 at 4-5).

When counsel agree to the terms of a confidentiality agreement, they are bound by its terms. <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1315 n. 15 (11th Cir. 2001). "Filing a document on the district court's electronic filing system is not consistent with keeping information confidential.... We think it is fair to presume in this day and age that every attorney understands that an electronic filing is immediately available to the public and is not a sealed document." <u>Rivera v. Sharp,</u> No. 1:08-cv-20, 2010 WL 2555065 (D. V.I. June 21, 2010) (<u>quoting Baella-Silva v. Hulsey</u>, 454 F.3d 5, 11-12 (1st

Cir. 2006)); Grove Fresh Distributors, Inc. v. John Labatt Ltd., 888 F. Supp. 1427, 1446 (N.D. Ill. 1995).

Defendant designated its privilege log "Confidential" and Plaintiffs have never employed the procedure in the Agreement to challenge that designation. Still, they filed the unredacted privilege log on the docket and when the error was called to their attention, they did not correct it. Plaintiffs' position has not changed since Defendant's motion was filed and the privilege log is still in the public record. The Court has no difficulty finding from these facts that Plaintiffs materially breached the Agreement.

Defendant's motion is titled: "Pulte Home Corporation's Motion to Cure Plaintiffs' Breach of the Confidentiality Agreement." Plaintiffs' response is titled "Response to Defendant's Motion to Redact." Plaintiffs explain:

> Despite Pulte's attempt to turn their gratuitous inclusion of information in their privilege log and possible inadvertence by Mr. Sasso's staff into the "tiff du jour" in this litigation, Plaintiffs will neither dignify their titling of the document with a response nor respond except to protect the record.

(Doc. 148, n. 1). Then, Plaintiffs argue the motion "is wildly inappropriate" and should be denied (Id., at 1). The Court will address each of Plaintiffs' arguments individually.

First, Plaintiffs contend that counsel for Defendant did not comply with M.D. Fla. Rule 3.01(g) before filing this motion (Id., at 2). Rule 3.01(g) provides:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

Rule 3.01(g) requires that attorneys make a serious effort to resolve most disputes before a motion is filed. The Court expects counsel to have an honest, conscientious, civil exchange during which they address the realities of their respective positions. What constitutes a sufficient Rule 3.01(g) conference depends, in part, on the size and complexity of the matter. If the issue is simple, then a relatively brief conversation may suffice. On the other hand, if the issue is large or complex, more effort will be required before counsel can say that a reasonable, good faith effort was made. In many instances, it may be appropriate to compare the effort required to satisfy Rule 3.01(g) to the effort required to prepare the motion or response. If the matter will require significant, time consuming briefing, then the Court expects counsel to spend more time trying to resolve the dispute than may be necessary on a matter requiring a short motion and short response. What is never acceptable is a perfunctory inquiry or response. Regardless of the size or complexity of the matter, the Court expects counsel to have a real, substantive conversation.

In making Plaintiffs' Rule 3.01(g) argument, counsel alleges:

> In fact, Plaintiffs first learned of the substance of Pulte's concerns and the (dubious) basis therefor when they received the Motion. Prior to that, Plaintiffs, who were indignant at Pulte's accusations but nonetheless interested in avoiding this unnecessary motion practice in a contingency fee case, actually agreed to an appropriate "remedy." Unfortunately, Pulte seems more interested in hectoring counsel over an imagined breach of the confidentiality agreement and ordering him to remedy their deficient log himself than in protecting any genuinely confidential information. Pulte could have filed a simple consent motion to seal the document containing four or five lines of text.

(Doc. 148 at 2). The first quoted sentence is not true; counsel for Defendant clearly explained their concern by email the day the unredacted privilege logs were filed. The

second sentence is, at best, puzzling. Why were Plaintiffs' counsel indignant upon being informed that they had breached the Agreement, and what does their fee agreement have to do with this dispute? The Court also wonders why Plaintiffs' counsel propose a "remedy" which shifts the burden from themselves to Defendant. As the breaching parties, Plaintiffs were responsible for taking the steps necessary to remove the "Confidential" information from the docket. Finally, Plaintiffs' counsel accuses Defendant's counsel of "hectoring," i.e., bullying behavior. But, it appears that it is one of the attorneys for Plaintiffs who has attempted to hector his opponents.

Still, counsel for Defendant failed to pick-up the telephone and call Plaintiffs' counsel before this motion was filed. Considering the emails that went back-and-forth this is understandable but not acceptable. One of the attorneys representing Defendant should have actually conferred with one of the attorneys representing Plaintiffs before the motion was filed. Because each side is represented by multiple attorneys, it would have made sense to have lawyers who did not author the emails talk before the motion was filed. After making this finding the Court would ordinarily deny the motion but under the circumstances, it will discuss Plaintiffs' remaining arguments.

Plaintiffs point out that Defendant could have, but did not ask the Court to strike the unredacted privilege logs from the docket during the hearing on November 10, 2016 (Id.). Instead, according to Plaintiffs' counsel, Defendant has "resorted to innuendoes and mischaracterizations regarding what undersigned counsel will charitably (to Pulte) call a misunderstanding and attempted to embarrass Plaintiffs and accumulate billable hours."

(Id., at 2-3). Plaintiffs fail to identify the "innuendos and mischaracterization" to which they refer and the Court is unaware of any committed by Defendant's counsel.[1]

Plaintiffs argue that many of the email addresses Defendant designated "Confidential" are readily ascertainable and appear in the public record (Id., at 3). Assuming this is true, the Agreement dictates how the matter should be handled, and Plaintiffs did not follow the Agreement.

Plaintiffs contend that privilege logs are designed to be reviewed by the Court when evaluating claims of privilege (Id., at 3-4). This is true, but it is not an excuse or justification for filing information designated "Confidential" before following the agreed procedure for challenging the designation.

Next, Plaintiffs contend that Defendant's privilege logs were not properly marked because the "Confidential" designation begins on the fifth page, in non-bolded, non-italicized, non-underlined seven point font (Id., at 4). This argument is unfounded. The Agreement does not require Defendant to label the first page of a document containing confidential information "Confidential." The Agreement also does not require bolding, italics, underlining or a specific font size. This may be why Plaintiffs fail to cite any part of the Agreement in support of their argument.

Plaintiffs assert that Defendant is off-base because the Agreement only governs information that is disclosed (Doc. 148 at 5). What Plaintiffs overlook is that Defendant is complaining about the public disclosure of information it revealed and marked "Confidential."

---

[1] This is the second time one of Plaintiffs' attorneys has accused opposing counsel of making a misrepresentation to the Court (Doc. 125, ¶ 25). The Court is currently investigating the first accusation.

Lastly, Plaintiffs complain that Defendant, after labeling the disclosure of its "Confidential" information "accidental," now alleges that the breach was intentional because Plaintiffs failed to take corrective action after the disclosure was brought to their attention (Id.). According to Plaintiffs, Defendant improperly placed the burden on them "by gratuitously including information it now claims is confidential in a document which is specifically drafted in contemplation of filing before the court to adjudicate a discovery dispute." (Id.). The Court agrees that designating information in a privilege log "Confidential" may have been unwise, but it is not prohibited by the Federal Rules of Civil Procedure or the Agreement, and it does not excuse Plaintiffs' breach.

Having found Plaintiffs in breach of the Agreement, the Court now turns to the issue of relief. Plaintiffs argue that Defendant is not "entitled to any relief beyond what Plaintiffs readily but incredulously consented to weeks ago. In fact, this is simply yet another pretext for counsel to harass Plaintiffs and gouge Pulte." (Id.). No facts support the contention that counsel for Defendant are gouging their client, and the Court has already rejected what it considers to be Plaintiffs' counsel's feigned incredulity. At this point in the analysis, the Court would ordinarily award Defendant its attorney's fees and costs incurred in connection with this motion. That relief will be **DENIED** because of counsels' failure to comply with Rule 3.01(g). The Court will, however, **GRANT** the motion to the extent that Exhibit 7 to docket entry 132 is **STRICKEN** and the Clerk shall **REMOVE** it from the docket. Plaintiffs have 7 days from the rendition of this Order to re-file Exhibit 7 in redacted form.

The parties' failure to effectively communicate is hampering the orderly course of this litigation. Local Rule 2.04(h) directs attorneys and litigants to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

The tone of some of the papers filed in this case does not reflect compliance with this rule. Mr. Beltran in particular is reminded that pejorative terms and derogatory statements are rarely necessary or effective, and such conduct does not reflect well on counsel or the bar. Future violations of the letter or spirit of this rule from any counsel or party will be grounds for consideration of sanctions.

      **DONE** and **ORDERED** in Orlando, Florida on November 28, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record