UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA
PAULA GAZZARA, HARRY JAMES
WHITMAN and MARCIA FAYE
WHITMAN,

      Plaintiffs,

v.                                   Case No: 6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

      Defendant.

_____

## <u>ORDER</u>

Pending before the Court is Defendant Pulte Home Corporation's Motion to Strike and/or Exclude Plaintiffs' Supplemental Expert Report (Doc. 136) and Plaintiffs' response to the motion (Doc. 146). For the reasons that follow, the motion is due to be denied.

This is a putative class action brought by homeowners against Defendant Pulte Home Corporation ("Pulte"), alleging the use of defective stucco siding on homes it constructed (Doc. 1). The Court set a deadline of September 2, 2016, for class related discovery (Doc. 49). Pulte scheduled the deposition of Plaintiff's testifying expert, Thomas E. Miller, P.E. of Structural Engineering and Inspections, Inc. ("Mr. Miller"), to occur on August 22, 2016. On August 19, 2016, Pulte received Mr. Miller's expert report (the "Original Report"), and the deposition was had, as scheduled. According to Pulte: "At that time, it became clear that Mr. Miller had inspected less than 10 communities within the putative class before making his report, despite having the names of, and opportunity to inspect, all of the Pulte communities within the putative class prior to his deposition." (Doc. 136 at 2).

On August 31, 2016, a hearing on discovery issues was held (Doc. 95). Plaintiffs' counsel discussed his need to have Mr. Miller review new stucco samples being taken from communities in which Pulte built homes prior to taking the deposition of Pulte's expert witness. Pulte's counsel explained that samples were not being taken but rather, that Pulte's remediation contractor was removing stucco in conjunction with the remediation of certain homes. Counsel agreed to a process whereby Mr. Miller could receive and review portions of the stucco removed from the homes being remediated on or before Friday, September 9, 2016 (Doc. 95, p. 37-38). The Court set a deadline of September 23, 2016, for supplemental expert reports (Doc. 87; Doc. 95, p. 39).

By Order dated September 1, 2016, the class related discovery deadline was extended from September 2, 2016, until November 2, 2016 (Doc. 88). The deadline to serve supplemental expert reports was subsequently extended through November 2, 2016 (Doc. 104).

On September 8, 2016, the Court entered an Order dismissing Plaintiffs' Amended Complaint (Doc. 97). Plaintiffs filed a Second Amended Complaint (Doc. 107) on September 23, 2016. The Second Amended Complaint contains a revised class definition.

On November 2, 2016, Plaintiffs served Pulte with Mr. Miller's supplemental expert report (the "Supplemental Report"). Pulte contends that the Supplemental Report substantially modifies the opinions Mr. Miller expressed in his Original Report.

On November 11, 2016, *after* the instant motion was filed, Pulte took Mr. Miller's deposition again, and asked questions pertaining to his Supplemental Report (Doc. 146 at 3).

Pursuant to FED. R. CIV. P. 26(a)(2)(B)(i), a party's expert report is required to include "a complete statement of all opinions the witness will express and the basis and reasons for them." And, although a party is required to make these disclosures "at the times and in the sequence that the court orders," FED. R. CIV. P. 26(a)(2)(D), the rules provide that a party "must supplement or correct" its expert disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known ...." FED. R. CIV. P. 26(e)(1)A) and (2).

Citing case law interpreting FED. R. CIV. P. 26(e) as limiting supplemental reports to include only that additional information that was not available at the time of the initial report, Pulte objects to the Supplemental Report, asserting that the new opinions expressed therein "are just that–new–and based on investigations Mr. Miller could have conducted prior to preparing the Original Report." Pulte points out that Mr. Miller's original report did not contain any notation that it was preliminary or incomplete, nor did Mr. Miller purport to reserve any right to amend or revise it. For their part, Plaintiffs acknowledge that Mr. Miller's supplemented opinions are based on a subsequent examination of a much broader sample than he investigated prior to providing his Original Report and deposition. But, Plaintiffs contend that they met all of the Court's deadlines, the supplementation was appropriate in view of their Second Amended Complaint and the subsequent investigation, and the sanction of striking an expert report is a drastic remedy not warranted here.

As Pulte correctly observes, the rule regarding the duty to supplement is not an opportunity to make an end-run around the requirements for timely expert disclosure. That said, the circumstances here are not sufficient to support striking the Supplemental

Report. The Court sees no evidence of bad faith on Plaintiffs' part and, as Pulte deposed Mr. Miller after receiving his Supplemental Report, the Court is not persuaded that Pulte has been prejudiced. The motion is therefore **DENIED.**

     **DONE** and **ORDERED** in Orlando, Florida on December 7, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record