## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA
PAULA GAZZARA, HARRY JAMES
WHITMAN and MARCIA FAYE
WHITMAN,

        **Plaintiffs,**

v.                                          **Case No:  6:16-cv-657-Orl-31TBS**

PULTE HOME CORPORATION,

        **Defendant.**

_____

### ORDER

       This matter comes before the Court without a hearing on the Motion to Dismiss or Stay Second Amended Complaint (Doc. 115) filed by the Defendant, Pulte Home Corporation ("Pulte").   In resolving the instant motion, the Court has also considered the response in opposition (Doc. 126) filed by the Plaintiffs, and the reply (Doc. 157) filed by Pulte.

    **I.**       **Background**

       According to the allegations of the Second Amended Complaint (Doc. 107) (henceforth, "SAC"), which are accepted in pertinent part as true for purposes of resolving the instant motion, the named Plaintiffs in this putative class action are two couples who own houses in Orange County, Florida.   The houses were built by Pulte.   The Plaintiffs contend that, during construction, stucco siding was improperly applied to their houses.   The Whitmans' home was built in 2011; the Gazzaras' was built in 2007.   The SAC does not include the dates on which the Plaintiffs bought the houses, or from whom they were purchased.

The Plaintiffs filed this case on April 18, 2016.   In their first amended complaint (Doc. 11), filed eleven days later, the Plaintiffs asserted claims for negligence, violations of the Florida Building Code (henceforth, the "Code"), and intentional construction of defective stucco siding. On September 8, 2016, the Court granted Pulte's motion to dismiss that pleading.   The negligence and intentional construction of defective stucco siding claims were dismissed with prejudice; the claim for violations of the Code was dismissed with leave to amend.   (Doc. 97 at 8).   Because the entire pleading was to be dismissed, the Court declined to address Pulte's argument that the Plaintiffs' proposed class could not be certified.

The instant pleading was filed on September 23, 2016.   In it, the Plaintiffs seek to certify a class consisting of

> All individuals, corporations, associations, trusts, or other entities that currently own single family detached residences, condominiums, or townhomes (collectively, "homes") constructed by Pulte in Florida between April 18, 2006 and April 18, 2016, with a Drainage Plane Exterior Stucco Wall System over Wood Frame and Wood Sheathing … which contains dissimilar materials, specifically Portland cement-aggregate plaster mix designed for use on exterior surfaces and either steel, aluminum, plastic, vinyl, or other inert materials from that of the Portland cement-aggregate plaster mix, or contain stucco surfaces which are either (a) in excess of one hundred forty-four (144) contiguous square feet, or (b) are greater than eighteen (18) linear feet in length, or (c) have a surface area with a length to width ratio greater than two and one-half (2 1/2) to one (1), or both.

(SAC at 2-3).   The Plaintiffs allege that "vast majority" of these homes were built in a manner that fell short of at least of one of the following standards established by the American Society of Testing Materials ("ASTM"):

> [the houses] lack separation where [the stucco siding] abuts dissimilar construction materials or openings (ASTM[1] C926 – 7.1.4); or, lack adequate Control Joints to delineate areas not more

---

[1] "ASTM" stands for the American Society of Testing Materials.

> than one hundred forty four (144) square feet (ASTM C1063 –
> 7.11.4.1), or, the distance between such Control Joints exceeds
> eighteen (18) feet in either direction (ASTM Cl063 – 7.11.4.2), or,
> the distance between Control Joints exceeds a length to width ratio
> of two and one half (2 1/2) to one (1) (ASTM 1063 – 7.11.4.2); or,
> both.

(SAC at 4).   The Plaintiffs contend that each such failure to meet the ASTM standard is a

violation of the Code, and that stucco siding "will crack" if there is a violation of the FBC.   (SAC

at 5).   They further contend that each of the putative class members' homes that were built with

one or more of these violations has suffered harm, resulting from the violation, in the form of

cracked stucco siding.

The Plaintiffs raise two claims: one for violations of the Code (Count I) and the other for

intentional violations of the Code (Count II).   By way of the instant motion, Pulte seeks dismissal

of Count II and, again, of all the class-related allegations of the Second Amended Complaint.

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the

claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103,

2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a

claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.

*Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the

Court must accept the factual allegations as true and construe the complaint in the light most

favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The

Court must also limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R.

Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).   Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'"   *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   Analysis

By statute, the state of Florida provides a cause of action for anyone damaged as a result of a violation of the Florida Building Code:

> [n]otwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; however, if the person or party obtains the required building permits and any local government or public agency with authority to enforce the Florida Building Code approves the plans, if the construction project passes all required inspections under the [C]ode, and if there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections, this section does

> not apply unless the person or party knew or should have known that
> the violation existed.

Fla. Stat. § 553.84.   Thus, any person who suffers damage resulting from a violation of the Code

may bring suit, either individually or on behalf of a class, against the builder that committed the

violation.   However, Fla. Stat. § 553.84 provides a defense to any builder that obtained the

required permits, approvals, and inspections, unless (1) the violation caused a personal injury or

injury to property besides the property that had been the subject of the permits, plans, and

inspections or (2) the builder knew or should have known of the violation.

In the Second Amended Complaint, the Plaintiffs assert two claims under Florida Stat.

§ 553.84.   In Count I, titled "Violations of Florida Building Code F.S.A. § 553.84," the Plaintiffs

set forth a number of stucco-related building standards established by the ASTM – such as, for

example, "ASTM C1063 – 7.11.4.2," which requires that "[t]he distance between control joints

shall not exceed 18 feet in either direction" – and assert that "[t]he homes constructed by Pulte

violated these provisions … by failing to install the stucco siding with properly spaced control

joints and maintaining separation of dissimilar materials."   (SAC at 14-15).   They further allege

that the homes of the Plaintiffs and other class members have stucco siding that is cracking due to

the violations, that Pulte "knew or should have known" that the violations existed, and that Pulte is

therefore liable pursuant to Fla. Stat. § 553.84.   (SAC at 15).

In Count II, titled "Intentional Violation of the Florida Building Code," the Plaintiffs again

set forth the ASTM standards and assert that they and the other class members have homes with

stucco siding that is cracking due to violations of the Code.   (SAC at 17-19).   In this count,

however, the Plaintiffs assert that Pulte intentionally violated the Code when building the homes at

issue.   Count II also includes several pages of allegations regarding Pulte's financial condition

and management.   (SAC at 19-23).   In addition, while in Count I the Plaintiffs seek only

compensatory damages, in Count II they also seek an award of punitive damages.   (SAC at 23-24).

Pulte argues that Section 553.84 provides a single cause of action for violations of the Florida Building Code and that Count II should therefore be dismissed.   The Plaintiffs respond that Section 553.84 "provides two separate and distinct standards of recovery."   (Doc. 126 at 4). Pointing to the language from Section 553.84 regarding whether "the person or party knew or should have known that the violation existed," the Plaintiffs argue that the statute creates "a knowledge standard and a 'should have known' standard."   (Doc. 126)   Construal of Section 553.84 as providing a single cause of action would, in the Plaintiffs' words, render this portion of the statute superfluous.   (Doc. 126 at 4).

The Plaintiffs are incorrect on both scores.   The language on which they attempt to rely does not refer to the cause of action under Section 553.84.   It applies only to the builder's potential defense of having obtained the necessary permits and inspections, eliminating that defense where the builder knew or should have known of the Code violation at issue.   *See* Fla. Stat. § 553.84.    And even if the quoted language did apply to the cause of action rather than the defense, the Plaintiffs' argument would still fail.   Permitting a single cause of action regardless of whether the builder knew or should have known of the violation would give effect to all the words at issue.[2]   Count II will therefore be dismissed with prejudice.

Pulte also argues that the legislature did not authorize punitive damages for a Code violation resulting in purely economic damages.   However, the only claim for punitive damages was asserted in connection with Count II, which has been dismissed.   The Court therefore will not

---

[2] The Plaintiffs never explain *how* a determination that Section 553.84 creates a single cause of action would render any of the quoted text superfluous or meaningless; they simply assert it.

reach that issue.   And as was the case with the previous motion, Pulte seeks dismissal of the

Plaintiffs' class-related allegations on the grounds that the putative class is impossible to certify

and facially implausible.   However, the Court declines to address the class certification issues in

the context of a motion to dismiss, particularly given that the Plaintiffs' motion for certification

(Doc. 143) will soon be ripe.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss or Stay Second Amended Complaint (Doc. 115) is

**GRANTED IN PART AND DENIED IN PART** as set forth above.   Count II is **DISMISSED**

**WITH PREJUDICE**.   In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 12, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party