UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA PAULA GAZZARA, HARRY JAMES WHITMAN and MARCIA FAYE WHITMAN,

    Plaintiffs,

v.                                    Case No: 6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

    Defendant.

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Production of Documents Identified in Privilege Logs (Doc. 130), with separately filed exhibits (Docs. 132, 155). Defendant, Pulte Home Corporation, has filed its opposition brief (Doc. 142). After due consideration, the motion is **granted in part and denied in part**.

### Background

Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated Florida homeowners who own homes constructed by Pulte between April 18, 2006 and April 18, 2016, with a drainage plane exterior stucco wall system over wood frame and wood sheathing ("stucco siding") with certain specified characteristics (Doc. 107). Plaintiffs allege that Pulte constructed the stucco siding in violation of the Florida Building Code and now, it has failed (Id.)[1]

The case has had a complicated course of discovery. For present purposes, the

---

[1] The District Judge has recently dismissed one of the counts, with prejudice (Doc. 160).

following is pertinent. Plaintiffs have served numerous requests to produce on Pulte, as well as a list of documents requested at the June 20, 2016 status hearing. Pulte's responses included numerous objections and assertions of privilege.

Plaintiffs have also served subpoenas for the production of documents on non-party experts retained by Pulte in connection with various Florida stucco siding claims: Calvert Construction & Development, Inc. ("Calvert"); Hoy and Miller Consulting, LLC ("H&M"); William Building Diagnostics, LLC; and Madsen, Kneppers and Associates ("Madsen"). Pulte moved to quash the subpoenas, contending, among other reasons, that they sought documents maintained by these non-parties in their capacities as Pulte's consulting (non-testifying) experts (Docs. 75 and 76). The Court granted Pulte's motion and quashed the subpoenas, except to the extent Pulte waived attorney work product protection by voluntarily producing any of the documents (Doc. 93).

Pulte maintains that from August 18, 2016 to November 4, 2016, it served approximately ten privilege logs in response to discovery requests served by Plaintiffs. For numerous entries, Pulte claims to have withheld documents based on the attorney work product privilege. Plaintiffs object that the logs were not timely produced and are otherwise insufficient. The Court has already found that the privilege logs were timely (Doc. 139). At issue then, is the applicability of the attorney work product privilege to the items withheld, and whether Pulte sufficiently asserted it.

## Discussion

A party may file a motion to compel against another party who fails to permit inspection of documents within its possession, control, or custody. See FED. R. CIV. P. 34(a)(1), 37(a)(3)(B)(iv); Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015).

With respect to claimed attorney work product, Rule 26(b)(3)(A) and (B) provide:

> (A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

As noted in a prior Order in this case,[2] application of the attorney work product privilege is governed by federal law, even in cases like this one, which rely on the Court's diversity jurisdiction. Stern v. O'Quinn, No. 07-60534-CIV-DIMITROULEAS/ROSENBAUM, 253 F.R.D. 663, 675 (S.D. Fla. 2008). The party asserting the attorney work product privilege carries the burden of showing its applicability to the circumstances before the court. Id., at 674-75. The proponent's burden

---

[2] Gazzara v. Pulte Home Corp., No. 6:16-CV-657ORL31TBS, 2016 WL 4620709, at *2 (M.D. Fla. Sept. 6, 2016).

is to show "'that the documents were prepared for the purpose of assisting an attorney in preparing for litigation, not some other reason.'" In re Veiga, Nos. 10-370(CKK) (DAR), and 10-371(CKK) (DAR), 77 F.Supp.2d 27, (D.D.C. 2010) (quoting Alexander v. Fed. Bureau of Investigation, 192 F.R.D. 42, 46 (D.D.C. 2000)). In making the required showing, "[b]lanket assertions of privilege before a district court are usually unacceptable." Johnson v. Gross, 611 F. App'x 544, 547 (11th Cir. 2015).

With respect to experts, "[o]rdinarily, a party may not, by interrogatories, or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D). Exceptions are made as provided in FED. R. CIV. P. 35(b) for physical and mental examinations, and "on showing exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(D)(i) and (ii).

Plaintiffs' presentation of their contentions leaves much to be desired. Instead of complying with Local Rule 3.04(a), which requires "quotation in full" of the requests at issue and objections of the opposing party, Plaintiffs assert that "[w]ithout seeing each withheld document, or receiving an indication from Pulte as to which particular request the withheld document would otherwise respond to, [they] cannot state with any confidence the discovery request at issue." (Doc. 130, n. 4). In their motion, Plaintiffs simply refer to the numerous privilege logs by date, and submit the logs by separate subsequent filings (Docs. 132, 155). Plaintiffs rarely quote the particular log entries they object to, or otherwise adequately set forth the documents they claim are wrongfully withheld; leaving the Court to guess as to which log entries are in dispute and requiring

review of the logs without any context of the discovery requests they relate to. Plaintiffs' argument with respect to Pulte's September 6, 2016 Privilege Logs illustrates the point. The argument reads, in its entirety:

> Pulte submitted several privilege logs on September 6, 2016. Many of the entries on these logs are either cryptic or omitted entirely. Moreover, many of the entries are similar to unacceptable entries on the September 26, 2016 logs discussed below. This Court should order Pulte to produce any documents from these logs that it deems to omit information needed to substantive [sic] the claimed work product privilege.

(Doc. 130 at 12).

While the burden of showing the applicability of a privilege is on Pulte, it is *Plaintiffs'* motion, and they have the obligation to sufficiently identify what they seek to compel. As the documents at issue are being withheld by Pulte, specific identification of the withheld documents is, of course, not possible. But, Plaintiffs must do more than merely tender dozens of pages of logs to the Court and say "here, you figure it out." To the extent the motion seeks to compel *something* regarding the September 6th logs (Docs. 132-2 through 132-4), it is **DENIED,** as the Court cannot identify which of the "many" entries is at issue.

Although the Court would be justified in denying the motion in its entirety on these procedural grounds, it will nonetheless address each remaining log in turn, as best it can under the circumstances.

*Pulte's Privilege Log Filed as Doc. 76-2*

Plaintiffs' argument as to this log reads:

> On August 18, 2016, Pulte filed an otherwise undated Privilege Log as Exhibit B to a discovery motion. The entries therein range from the perfunctory to the bizarre. On Page 4, several entries show that Pulte withheld photographs taken on

> January 27, September 21, January 15, and August 31. Although Pulte claims that these Photographs constitute "work product related to consulting agreement" Plaintiffs are not informed whether these photographs reflect counsel's mental impressions, let alone what they depict or who created them. Court and counsel must therefore assume that they reflect that state of stucco in class homes, presumably in Lake Sawyer. As such, they are relevant to this matter.
>
> On Page 3 of the log, Pulte lists a "Certificate" that was apparently showed to Mr. Randazzo, Plaintiffs' expert, pursuant to Pulte's inspection of the Whitman Plaintiffs' residence. This document is not privileged work product because it was shown to Plaintiffs' expert and Pulte should produce this document.

(Doc. 130).

What Plaintiffs do not say is that the document entitled "Defendant Pulte Home Corporation's Privilege Log Related To Non-Party Subpoena Directed To Madsen, Kneppers And Associates, Inc." (Doc. 76-2), was attached to Pulte's motion to quash this subpoena (Docs. 76). To the extent Plaintiffs seek production of documents in the possession of Madsen, Pulte's consulting, non-testifying expert, the Court has already ruled, and the subpoena was quashed (Doc. 93). To the extent Plaintiffs contend that any of this information is in *Pulte's* possession, in quashing the subpoena, the Court found that Pulte made a prima facie showing that the attorney work product privilege applies to these documents (Doc. 93 at 3-5). Nothing in the instant motion changes that result. The motion is **denied** as to this log.

*Pulte's September 26, 2016 Privilege Log (Doc. 132-5)*

Plaintiffs contend that the withheld documents "appear to concern various reports concerning earlier claims and repairs in class homes in other Florida communities." (Doc. 130 at 12). They point to the following entries beginning on Page 6 of the log, of

- 6 -

"Reports," Certificates," "Spreadsheet," "Plans," and "Vendor Documents," which are claimed "work product related to consulting engagement," but are not otherwise identified:

| **Date** | **Author** | **Recipient** | **Type of Document** | **Privilege** |
|---|---|---|---|---|
| | Association | | Sandpiper at Sweetwater: Reports | Fed. R. Civ. P. 26(b)(4)(D) Work product related to consulting engagement |
| | | | Sandpiper at Sweetwater: Certificates | Fed. R. Civ. P. 26(b)(4)(D) Work product related to consulting engagement |
| | Pulte | | Sandpiper at Sweetwater: Spreadsheet | Fed. R. Civ. P. 26(b)(4)(D) Work product related to consulting engagement |
| | | | Sandpiper at Sweetwater: Plans | Fed. R. Civ. P. 26(b)(4)(D) Work product related to consulting engagement |
| | | | Sandpiper at Sweetwater: Vendor documents | Fed. R. Civ. P. 26(b)(4)(D) Work product related to consulting engagement |

Plaintiffs also object to other notations, claiming that Pulte has not provided sufficient detail to evaluate the privilege.

Pulte contends that the Court has already ruled on attorney work product protected documents in the possession of Pulte's consulting, non-testifying experts with regard to

the Lake Sawyer (Berkshire) community. Moreover, Pulte served a Second Amended Privilege Log Related to Non-Party Subpoena Directed to Hoy and Miller Consulting, Inc., which it contends significantly expands the privilege log entries relating to the H&M documents on the two projects for which H&M was a testifying expert (Wolf Creek and Promenades at Bella Trae). Pulte thus claims that Plaintiffs' objections are moot. The Court does not agree. The suspect entries at page 6 in the original log remain unchanged in the amended log (Doc. 132-9). While they may (or may not) relate to the Berkshire community, they are insufficient on their face to support a claim of privilege.

In its response brief, Pulte cites Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 698 (N.D. Ga. 2007) for the proposition that a "party meets burden of establishing attorney work product privilege where privilege log is accompanied by explanatory affidavit" (Doc. 142). Nothing in the affidavits submitted by Pulte provides the "explanatory" detail missing from these entries (Doc. 142-1 through 142-5). As the court in Carnes noted:

> The party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions. This burden is met when the party produces a **detailed** privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit from counsel. Triple Five of Minn., Inc. v. Simon, 212 F.R.D. 523, 528 (D.Minn.2002) (finding work product applicable where the asserting party "provided detailed privilege logs" "which for each document withheld listed the type of document, the date of creation, the author, the recipient, the subject matter, and the applicable privilege").

Carnes, 244 F.R.D.at 698 (emphasis added). Generic terms such as "reports," certificates," spreadsheets" and the like are not adequate descriptions of the subject matter of the document, sufficient to support a claim of privilege. To the extent this log

contains documents which are subsumed in the more detailed log in this exhibit (Doc. 132-9, pp. 11-118), Pulte has not pointed out the particular entries that provide the additional information. Accordingly, Plaintiffs' motion is **granted** as to these items. The documents shall be produced within ten days from the rendition of this Order.[3] If appropriate, any production is subject to the terms of the parties' Confidentiality Agreement.

Plaintiffs claim that other items (mediation documents or documents prepared by consultants H&M) are insufficiently identified. The motion is **denied** as to these items.

*Pulte's October 13, 2016 Privilege Logs (Docs. 132-6, 132-8 and Doc. 155)*

The first log appears to cover documents related to the consultant's remediation of class homes at Lake Sawyer in Windermere, Florida, where the named Plaintiffs live (Doc. 119). The second log consists largely of voluminous spreadsheets that include claim level-legal expenses and settlement payments paid on class homes. Although other documents appear on this privilege log, Plaintiffs are seeking only the documents reflected in items 1-80, and only for class homes in Florida. The motion is **denied** as to both logs.

To the extent Plaintiffs are seeking the Lake Sawyer documents, they do not question whether the documents are protected, but argue that exceptional circumstances warrant production of the documents. Specifically, Plaintiffs argue that making them repeat the testing would mean "unnecessary expense and require additional delay." The

---

[3] The Court declines Pulte's invitation to review these documents *in camera.* Pulte's failure to describe the documents with *any* particularity other than the broadest generic terms (and without any notation as to how many pages are included in each) means that an *in camera* review would serve to shift the burden for claiming privilege in the first instance to the Court. This is not the purpose of such a review. Just as Plaintiffs must articulate their objections, a party claiming privilege cannot hide whole categories of information behind a blanket assertion of privilege, and foist all documents on the Court for a page by page review.

Court has rejected similar arguments (Doc. 93 at 5), and sees no reason to revisit that conclusion.

As for the settlement payments and legal expense items on the spreadsheet, Pulte maintains that they are summaries of litigation expenses outside Florida, which happen to contain a back-up worksheet that includes claim-level litigation information nationwide. Legal and settlement expenses are normally work product under Rule 26(b)(3)(A) (protecting documents prepared in anticipation of litigation or for trial). While the Court agrees that in appropriate circumstances, courts have ordered production of relevant claims information, Plaintiffs have not shown that production of these items at this stage of the proceedings is warranted. For present purposes, the motion is **denied** as to this information, without prejudice to renewal, if appropriate, after the class certification issue is decided.

### *Pulte's October 24, 2016 Privilege Logs (Doc. 132-9)*

Plaintiffs' objections to this log are too general to evaluate. Plaintiffs note that this log is voluminous, exceeding 100 pages, and "[a]lthough some of these documents may be properly withheld, others are obviously discoverable" (Doc. 130 at 16). But, Plaintiffs fail to point to the "obvious" item or items, leaving the Court the task of combing through over 100 pages in an effort to find them. That is not the obligation of the Court. "The Seventh Circuit memorably said that appellate judges 'are not like pigs, hunting for truffles buried in briefs.' United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record ..." Chavez v. Sec'y Florida Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011). The motion is **denied** as to this log.

*Pulte's November 2, 2016 Privilege Log (Doc. 132-10)*

The log contains only two items:

| **Date** | **Author** | **Recipient** | **Type of Document** | **Privilege** |
|---|---|---|---|---|
| Undated | Mark Williams | Pulte | Excerpts of Stucco Cladding Inspection Protocol | Attorney Work Product; Trade Secret |
| 2015-2016 | | Pulte | Reports and Checklists | Trade Secret; Proprietary Business Information |

As to the first item, Plaintiffs contend that Pulte failed to show how testifying expert Mark Williams' inspection protocol is "attorney work product" and, as it was shared with Pulte, fails to show that Williams' work is a "trade secret." Pulte counters that the document was prepared by Mr. Williams in connection with his engagement "as a non-testifying (consulting) expert on an *unrelated* matter." (Doc. 142 at 16, emphasis added). Pulte has amended this log to reflect that detail (Doc. 142-5). If, as claimed, the documents withheld were prepared in anticipation of litigation by a non-testifying expert consultant they are properly attorney work product and Plaintiffs have not shown exceptional circumstances sufficient to overcome the privilege. The motion is **denied** as to this item.

With respect to the second item, the Court agrees with Plaintiffs that the blanket description provided by Pulte is insufficient to establish privilege over these unspecified "reports and checklists." Pulte contends that these documents are trade secrets and highly sensitive proprietary business information and Pulte would suffer irreparable harm in the event of public dissemination. In view of the Confidentiality Agreement (Doc. 134-

2), Pulte's concerns are unfounded. The motion is **granted** as to these items and Pulte shall produce them within ten days. The production should be in accordance with the provisions of the Confidentiality Agreement.

Any contention not specifically addressed herein is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on December 16, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record