# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHAUN PARKER GAZZARA, ANA
PAULA GAZZARA, HARRY JAMES
WHITMAN and MARCIA FAYE
WHITMAN,

        **Plaintiffs,**

v.                                               Case No:   6:16-cv-657-Orl-31TBS

PULTE HOME CORPORATION,

        **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion for Summary Judgment (Doc. 224) and the Plaintiffs' Response (Doc. 231).

### I.  Background

The Plaintiffs filed this case on April 18, 2016. In their first amended complaint (Doc. 11), which was filed eleven days later, the Plaintiffs asserted claims for negligence, intentional construction of defective siding, and violations of a statute—Florida Statute § 553.84—which provides a cause of action for anyone damaged due to violations of the Florida Building Code. On September 8, 2016, the Court granted Pulte's motion to dismiss that pleading. Doc. 97.

The Second Amended Complaint (Doc. 107) was filed on September 23, 2016. In it, the Plaintiffs purported to raise two claims under § 553.84: one for violations of the Code, and one for intentional violations of the Code. The claim for intentional violations was subsequently dismissed with prejudice. Doc. 160 at 7. Accordingly, only Count I, which alleges violations of § 553.84, remains.

On July 21, 2017, Pulte filed a Motion for Summary Judgment (Doc. 224). The Plaintiffs filed their Response on September 22, 2017 (Doc. 231). The Defendant did not file a Reply.

**II.     Legal Standards**

    **A.  Summary Judgment**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### B. Florida Statute § 553.84

Florida Statute § 553.84, titled "Statutory civil action," provides a cause of action for anyone damaged as a result of a violation of the Florida Building Code:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

Fla. Stat. § 553.84. The statute also provides the homebuilder with a defense, so long as (1) the homebuilder obtains any required building permits, and the appropriate agency approves the plans; (2) the project passes all required inspections under the Code; and (3) there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections. *Id.* However, the defense does not apply if the homebuilder knew or should have known that the violation existed. *Id.*

### III. Analysis

To prevail on a claim under § 553.84, a homeowner must show that (1) the homebuilder violated the Florida Building Code in constructing the home, and (2) the plaintiff suffered damage as a result. The Defendants argue that, because the Plaintiffs are subsequent purchasers who bought their homes following home inspections that disclosed issues with the stucco, none of the Plaintiffs were damaged by any building code violation by the Defendant. The Defendant correctly points out that damage is an essential element of a claim under § 553.84, but the Defendant fails to show that there is no genuine issue of material fact with respect to the damages element.

The Motion places great emphasis on the fact that the Plaintiffs purchased their homes as-is, on the results of the pre-purchase home inspections, and on the Plaintiffs' backgrounds as "sophisticated purchasers." *See, e.g.*, Mot. at 1. Citing these factors, the Defendants argue that the

Plaintiffs could not have been damaged by any code violations because the prices they paid for their homes took into account the stucco problems of which the Plaintiffs were aware.[1] The Plaintiffs however maintain that the home inspections did not alert them to the code violations, and all four Plaintiffs submitted affidavits stating that they did not know about the code violations prior to their purchases of the homes. *See* Docs. 231-2, 231-3, 231-4, 231-5. There are therefore disputed issues of material fact as to the Plaintiffs' awareness of code violations and the extent of damage, if any, caused thereby.

The Defendants finally argue that the Plaintiffs should be barred from recovering damages on judicial estoppel grounds because "their pleadings assert that any cracking in stucco is damage for purposes of their claim under the Code." *See* Mot. at 15. However, the Defendants do not explain why judicial estoppel would be proper here, nor do they explain what damages, specifically, the Plaintiffs should be estopped from recovering. Instead, they merely state that the Court should reject any damages "for something other than the observed cracking." *See id.* at 15. The Defendants appear to argue that the Plaintiffs cannot recover for anything but the literal cracks themselves, the existence of which the Plaintiffs were aware. To the extent that the Defendants make such an argument, it is unpersuasive. The statement that "any cracking in stucco is damage" is not equivalent to a claim that the only damage is cracked stucco, particularly when the Second Amended Complaint refers to damages other than cracks. *See* Doc. 107 ¶ 80.

---

[1] While the Defendants make different arguments as to why the Plaintiffs are not entitled to damages, nearly all of them rely on the premise that Plaintiffs knew about the stucco problems and either bargained or could have bargained for their homes accordingly. At times, the Defendants seem to use awareness of the cracked stucco itself and awareness of the code violations interchangeably. But, viewing the facts in the light most favorable to the non-movant, awareness of the code violations is the more appropriate consideration here, given that the Plaintiffs have produced evidence indicating that it was the code violations—and thus the level and severity of damage—of which they were unaware.

**IV. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 224) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 14, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party